```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF KENTUCKY
                   SOUTHERN DIVISION at LONDON
```

ERIC ANTHONY SKEEN            )
                              )
    Plaintiff,                )
                              ) Civil Action No. 6:09cv62-JMH
                              )
v.                            )
                              )
MICHAEL J. ASTRUE, COMMISSIONER ) **MEMORANDUM OPINION AND ORDER**
OF SOCIAL SECURITY,           )
                              )
    Defendant.                )
                              )
                              )

               **       **       **       **       ***

This matter is before the Court on cross motions for summary judgment [Record Nos. 10 and 11][1] on Plaintiff's appeal of the Commissioner's denial of his application for disability insurance benefits and supplemental security income. The Court, having reviewed the record and being otherwise sufficiently advised, will deny Plaintiff's motion and grant Defendant's motion.

### I. FACTUAL AND PROCEDURAL BACKGROUND

On October 2, 2006, Plaintiff Eric Anthony Skeen filed applications for a period of disability, disability insurance benefits, and supplemental security income. (Transcript of Record, "TR," 72-74, 79-84). These claims were denied initially and upon reconsideration. On December 12, 2007, Administrative Law Judge

---

[1] These are not traditional Rule 56 cross motions for summary judgment. Rather, they are procedural devices used by the Court to obtain the views of the parties regarding the sufficiency of the evidence contained in the administrative record developed before the Commissioner.

("ALJ") James Alderisio held a hearing on Plaintiff's application. (TR 13, 22-31). In a decision dated May 1, 2008, the ALJ denied Plaintiff's claims, concluding that the Plaintiff had not been under a disability as defined in the Social Security Act. (TR 21). Specifically, the ALJ found "that the claimant has the residual functioning capacity to perform medium work" subject to limitations including "simple, low stress, nonproduction work with one and two step instructions" and "no contact with the public." *Id*. The ALJ further concluded that "[c]onsidering [Plaintiff's] age, education, work experience, and residual functioning capacity, there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform." (TR 20). Hence, the ALJ ruled that Plaintiff was not disabled. Plaintiff filed an appeal, which the Appeals Council denied on January 2, 2009 (TR 1-4), rendering the ALJ's decision final.

Plaintiff was thirty-three years old when the ALJ's decision was issued (TR 20 finding no. 7; TR 25, 72, 103). He completed the twelfth grade in special education classes (TR 20, finding no. 8; TR 25, 112, 169). Plaintiff was previously employed as a patient transporter (TR 26, 29, 108-9, 115-121). He alleges that his medical condition of schizophrenia has limited his ability to work since April 1, 2006 (TR 13, 107). The record discloses that Plaintiff struggles with auditory hallucinations, paranoia and depression.

In this appeal, Plaintiff argues that the ALJ "improperly omitted restrictions which were assessed by State Agency psychologists on whom he intended to rely." (Pl. Br. at 8). Plaintiff argues that the assumptions provided in the hypothetical question posed to the vocational expert omitted several restrictions relevant to Plaintiff's ability to perform certain types of work. In the alternative, Plaintiff argues that remand is appropriate because "good cause exists for submission of [new] evidence subsequent to the issuance of the ALJ's decision. (Pl. Br. at 9).

## II. OVERVIEW OF THE ALJ HEARING

In determining whether a claimant is disabled or not, the ALJ conducts a five-step analysis:

1.) Is the individual engaging in substantial gainful activity? If the individual is engaging in substantial gainful activity, the individual is not disabled, regardless of the claimant's medical condition.

2.) Does the individual have a severe impairment? If not, the individual is not disabled. If so, proceed to step 3.

3.) Does the individual's impairment(s) meet or equal the severity of an impairment listed in appendix 1, subpart P of part 404 of the Social Security Regulations? If so, the individual is disabled. If not, proceed to step 4.

4.) Does the individual's impairment(s) prevent him or her from doing his or her past relevant work, considering his or her residual functioning capacity? If not, the individual is not disabled, if so, proceed to step 5.

5.) Does the individual's impairment(s) prevent him or her from performing other work that exists in the

> national economy, considering his or her residual functioning capacity together with the "vocational factors" of age, education, and work experience? If so, the individual is disabled. If not, the individual is not disabled.

*Heston v. Comm'r of Social Security*, 245 F.3d 528, 530 (6th Cir. 2001). "The burden of proof is on the claimant throughout the first four steps of this process to prove that he is disabled. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Secretary." *Preslar v. Sec'y of Health & Human Servs.*, 14 F.3d 1107, 1110 (6th Cir. 1994).

### III. STANDARD OF REVIEW

In reviewing the ALJ's decision to deny disability benefits, the Court may not try the case *de novo*, nor resolve conflicts in the evidence, nor decide questions of credibility. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994). Instead, judicial review of the ALJ's decision is limited to an inquiry into whether the ALJ's findings were supported by substantial evidence, *see* 42 U.S.C. § 405(g), *Foster v. Halter*, 279 F.3d 348, 353 (6th Cir. 2001), and whether the ALJ employed the proper legal standards in reaching his conclusion. *Landsaw v. Sec'y of Health & Human Servs.*, 803 F.2d 211, 213 (6th Cir. 1986). Substantial evidence is more than a scintilla of evidence, but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Cutlip*, 25

4

F.3d at 286.

## IV. ANALYSIS

Plaintiff first argues that reversal or remand pursuant to Sentence Four of 42 U.S.C. § 405(g) is appropriate because the ALJ erred when he omitted restrictions assessed by State agency psychologists when posing a hypothetical question to the vocational expert. In the alternative, Plaintiff argues that remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is appropriate to consider new and material evidence which was not considered under the earlier administrative proceedings and for which good cause exists for Plaintiff's failure to incorporate the evidence into the prior proceedings.

**Restrictions Omitted from Pscyhologists' MRFC Assessments**

Plaintiff argues that the ALJ's decision is not supported by substantial evidence because he improperly omitted several of the restrictions assessed by State agency psychologists, Jane Brake, Ph.D. and Laura Cutler, Ph.D., on whom he intended to rely (Pl. Br. at 8). Plaintiff argues that the ALJ erred by including only selective portions of the psychologists' assessments in his findings. The ALJ's findings with regard to Plaintiff's residual functioning capacity (RFC) are as follows:

> [Plaintiff] has the residual functioning capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c) except [Plaintiff] requires simple, low stress, nonproduction work with one and two step

5

> instructions. [Plaintiff] can have no contact with the public; and the ability to understand, remember, and carry out one or two step instructions is severely limited but not precluded. [Plaintiff] has a limited but satisfactory ability to maintain attention and concentration and deal with work stress.

(TR 17, finding no. 5). During the hearing, the ALJ asked the vocational expert to assume a hypothetical scenario involving work at the medium level with restrictions similar to those discussed in the ALJ's finding. (TR 29). Relying on this hypothetical, the vocational expert testified that Plaintiff could perform jobs such as grounds worker and agricultural worker, both of which are jobs available in the national economy. *Id*.

However, the ALJ did not include certain portions of the psychologists' Mental Residual Functional Capacity (MRFC) assessments when constructing the hypothetical scenario posed to the vocational expert. The ALJ omitted several of Dr. Brake's findings. For example, Dr. Brake found that Plaintiff was moderately limited in his ability to sustain an ordinary routine without special supervision; to travel in unfamiliar places or use public transportation; and to set realistic goals or make plans independently of others. (TR 360-61). Dr. Brake's findings were confirmed by Dr. Cutler. (TR 466-67). Plaintiff argues that the ALJ erred by not including these restrictions in the hypothetical question given to the vocational expert.

The Court finds that the ALJ did not err by omitting some of the restrictions found by the psychologists assessing Plaintiff.

The ALJ is authorized to illustrate a hypothetical situation to a vocational expert to satisfy the Commissioner's burden at step five, "provided the question is supported by the evidence of the record." *Hardaway v. Sec'y of Health & Human Servs.*, 823, F.2d 922, 927 (6th Cir. 1987). Here, the question asked by the ALJ was consistent with the record, including the ALJ's RFC assessment as well as the assessments provided by Drs. Brake and Cutler (TR 17 finding no. 5; TR 362, 468).

Furthermore, the ALJ did not err by his failure to include all of the limitations included in the "Mental Residual Functional Capacity" (MRFC) forms prepared by Drs. Brake and Cutler. These limitations are found in Section I of the psychologists' assessment forms and are referred to as "Summary Conclusions." Section I consists of a checklist which is intended as a "worksheet to aid in deciding the presence and degree of functional limitations and the adequacy of documentation and does not constitute the RFC assessment." *Program Operations Manual System* (POMS) DI 24510.060B2, 2001 WL 1933367 (SSA-POMS).[2] The more pertinent findings are located in Section III of the psychologists' MRFC assessment forms. Section III indicates the psychologists' functional capacity assessment of Plaintiff and provides a narrative

---

[2] The POMS is a policy and procedure manual that employees of the Department of Health and Human Services use to evaluate Social Security claims. It does not have the force and effect of law, but it is nonetheless persuasive authority. *Davis v. Sec'y of Health & Human Servs.*, 867 F.2d 336, 340 (6th Cir. 1989).

explanation for the results of the checklist in Section I. The relevant findings in Section III demonstrate that Plaintiff would be able to "[u]nderstand and recall simple material"; "[c]oncentrate and persist at simple tasks in two hour segments"; "[f]unction in an object focused setting that requires little public contact"; and "[a]dapt to routine changes." (TR 362, 468). The ALJ's RFC assessment and hypothetical question were consistent with the psychologists' findings. Thus, there is substantial evidence to support the ALJ's decision that Plaintiff had the RFC to perform medium-level jobs existing in significant numbers in the national economy, including grounds worker and agricultural worker.

**Remand for New and Material Evidence**

Plaintiff next argues that remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is appropriate. The pertinent part of this statute reads as follows:

> The court . . . may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding . . .

42 U.S.C. § 405(g). Thus, Sentence Six permits a remand "where new, material evidence is adduced that was for good cause not presented before the agency." *Marshall v. Comm'r of Social Security*, 444 F.3d 837, 841 (6th Cir. 2006) (citing *Shalala v. Schaefer*, 509 U.S. 292, 1993)). Plaintiff argues that a letter dated June 19, 2008 from Donna Cash, MSN, and Gwen Helton, BS, PE of the Cumberland River

Comprehensive Care Center (Comp Care), which was submitted to the Appeals Council after the administrative hearing, should be considered as new and material evidence. In particular, this letter indicates that Plaintiff has "difficulty staying on task for more than 3-5 minutes" and "difficulty following directions that entail more than 1-2 steps. (TR 531). In this letter, Plaintiff's therapists note their belief that Plaintiff would be "unable to work at a public job because of the psychiatric symptoms related to schizophrenia." *Id*.

The Court finds that the letter submitted to the Appeals Council does not satisfy the materiality and good cause requirements of the statute. In order for Plaintiff to satisfy the materiality requirement, "he must demonstrate that there is a reasonable probability that the [Commissioner] would have reached a different disposition of the disability claim if presented with the new evidence." *Sizemore v. Sec'y of Health & Human Servs.*, 865 F.2d 709, 711 (6th Cir. 1988). Here, Plaintiff has failed to show the letter submitted by his therapists at Comp Care is material. The Appeals Council considered the letter pursuant to SSR 06-3p. The Appeals Council decided that the letter dated June 19, 2008 was consistent with another letter sent from Comp Care dated September 24, 2007, which the ALJ found was "out of proportion with the objective medical evidence in [the] case." (TR 2). Moreover, the Appeals Council found that the letter did not provide "significant

9

medical examination findings or otherwise provide an adequate basis for disturbing the [ALJ's] decision." *Id*.

The Regulations state that the ALJ may consider opinion evidence from "acceptable medical sources," medical sources who are not "acceptable medical sources," and "other sources" who have seen the individual in their professional capacity. *See* 20 C.F.R. §§ 404.1527(b); 416.927(b) (2006); Social Security Ruling (SSR) 06-3p, 2006 WL 2329939 (S.S.A.). Here, the Appeals Council considered the new evidence but decided against disturbing the ALJ's decision. The Court also finds that this evidence fails to satisfy the materiality criterion. The record indicates that the ALJ relied more heavily on objective medical evidence in Plaintiff's case. The case does not need to be remanded so that the ALJ may consider new evidence from non-medical sources, which is inconsistent with the objective medical evidence.

In addition, Plaintiff has not shown good cause for his failure to provide the Comp Care letter to the ALJ before he issued his decision. In general, Plaintiff has the burden of proving his disability. *Foster*, 279 F.3d at 353; *see also* 20 C.F.R. §§ 404.1512; 416.912. Thus, Plaintiff bears the responsibility of producing evidence to support his claim of disability. Here, Plaintiff had attended a rehabilitation program at Comp Care since approximately June of 2007. The ALJ did not issue his decision until May of the next year. Plaintiff had sufficient time to obtain

this evidence from the Comp Care directors and provide it to the ALJ before he issued his decision. Therefore, Plaintiff fails the good cause requirement, and remand pursuant to Sentence Six of 42 U.S.C. § 405(g) is not appropriate.

## V. CONCLUSION

Accordingly, and for the foregoing reasons, **IT IS ORDERED:**

(1) That Defendant's motion for summary judgment [Record No. 11] be, and the same hereby is, **GRANTED**; and

(2) That Plaintiff's motion for summary judgment [Record No. 10] be, and the same hereby is, **DENIED.**

This the 17th day of February, 2010.



Signed By:
*Joseph M. Hood*
Senior U.S. District Judge

11